UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY CLIFFORD JACKSON,<br><br>              Petitioner,<br><br>     v.<br><br>CALIFORNIA BOARD OF PAROLE HEARINGS,<br><br>              Respondent. | No.  2:15-cv-0609 KJM KJN P<br><br><br>FINDINGS & RECOMMENDATIONS |

I. Introduction

     Petitioner is a state prisoner, proceeding without counsel and in forma pauperis.  He filed an application for petition of writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is respondent's motion to dismiss the habeas petition as barred by the statute of limitations and successive.  For the reasons set forth below, respondent's motion should be granted.

II. Legal Standards

     Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ."  Id.  The Court of Appeals for the Ninth Circuit has referred to a respondent's motion to dismiss as a request for the court to dismiss under Rule 4 of the Rules Governing § 2254 Cases.  See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420

(1991). Accordingly, the court reviews respondent's motion to dismiss pursuant to its authority under Rule 4.

III. Background

    1. Petitioner was convicted in 1971 for murder, robbery, and grand theft, and was sentenced to seven years to life with the possibility of parole. (ECF No. 1 at 2.)

    2. In 1981, petitioner was found suitable for parole, and the Board of Parole Hearings ("Board") set his parole release date. (ECF No. 1 at 6.) The Board also set his release date under the rules existing at the time of the commitment offense. (Id.)

    3. In 1989, the Board rescinded petitioner's grant of parole after he received two prison rules violations. (ECF No. 1 at 7.)

    4. During his 1995 parole hearing, petitioner's appointed counsel argued that the Board only rescinded one of the parole release dates and petitioner should have been released from prison in 1990. (ECF No. 1 at 7.) After the Board denied counsel's objection, petitioner and his counsel walked out of the parole hearing. (Id.)

    5. On December 5, 2006, petitioner filed a petition for writ of habeas corpus in the Los Angeles County Superior Court raising two claims: the Board failed to rule on the legality of petitioner's parole release date for two years; and the Board did not rescind the parole release date set under the Board's rules existing at the time of his commitment offense. (ECF No. 13-1 at 2.) On December 28, 2007, the court denied the petition as untimely and on the merits. (Id.)

    6. On October 8, 2009, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal, Second Appellate District. (ECF No. 13-2 at 2.) On November 6, 2009, the state appellate court summarily denied the petition. (ECF No. 13-5 at 83.)

    7. On February 16, 2010, petitioner filed a petition for writ of habeas corpus in the California Supreme Court, Case No. 180275. (ECF No. 13-4 at 2.) On August 11, 2010, the California Supreme Court denied the petition without comment. (Id.)

    8. On August 31, 2010, petitioner filed a petition for writ of habeas corpus in this court. Jackson v. Brown, Case No. 2:10-cv-2341 LKK CKD (E.D. Cal.). (ECF No. 13-6 at 2.) In this federal petition, petitioner raised the same claims raised in his state court petitions. (ECF No. 13-

2

6 at 2.) On September 30, 2011, the district court denied the petition as time barred. (ECF No. 13-9 at 8.)

9. On March 6, 2015, petitioner filed the instant petition. See Rule 3(d) of the Federal Rules Governing Section 2254 Cases. Specifically, petitioner claims that the Board failed to rule on the legality of petitioner's parole release date for two years; and the Board did not rescind the parole release date set under the Board's rules existing at the time of his commitment offense. (ECF No. 1 at 10.) Petitioner references his California Supreme Court petition filed in Case No. 180275. (ECF No. 1 at 4.)

10. Respondent filed the motion to dismiss on May 20, 2015, and petitioner filed an opposition on June 17, 2015. No reply was filed.

IV. Is the petition successive?

Respondent contends that petitioner's first federal petition renders the instant petition successive, and therefore the instant claims are barred. Petitioner appears to argue that his petition is not identical because his claimed exception to the timeliness bar was not applied to the previously submitted claim. (ECF No. 17 at 3.)

"[D]ismissal of a section 2254 habeas petition for the failure to comply with the statute of limitations renders subsequent petitions second or successive for purposes of the AEDPA, 28 U.S.C. § 2244(b)." McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009). Thus the claims in the pending federal petition which were also presented in petitioner's first federal petition must be dismissed. See 28 U.S.C. § 2244(b)(1); Tyler v. Cain, 533 U.S. 656, 661 (2001) ("If a prisoner asserts a claim that he has already presented in a previous federal habeas petition, the claim must be dismissed in all cases."); Pizzuto v. Blades, 673 F.3d 1003, 1008 (9th Cir. 2012) (prisoner not entitled to file a successive habeas petition on the basis of new facts related to judicial misconduct).

Section 2244(b) itself does not define the term "claim." However, the Ninth Circuit has held that a claim for federal habeas relief "is successive if the basic thrust or gravamen of the legal claim is the same, regardless of whether the basic claim is supported by new and different legal arguments . . . [or] proved by different factual allegations." Babbitt v. Woodford, 177 F.3d

3

1  744, 756 (9th Cir. 1999) (quoting United States v. Allen, 157 F.3d 661, 664 (9th Cir. 1998)). See
2  also Morales v. Ornoski, 439 F.3d 529, 532 (9th Cir. 2006) (same).  Thus, "[a] claim is not newly
3  presented merely because the petitioner offers new factual bases in support of a legal claim that
4  has already been raised." Cooper v. Brown, 510 F.3d 870, 918 (9th Cir. 2007).

5       As noted above, the 2010 federal petition was dismissed based upon the finding that it was
6  untimely filed.  Jackson v. Swarthout, Case No. 2:10-cv-2341 LKK CKD (E.D. Cal.).  Although
7  the federal petitions are filed on different forms, the claims are identical, and petitioner's
8  arguments are virtually identical, with one exception.  Petitioner now appears to present a claim
9  of actual innocence, and argues that he should be permitted to pass through the Schlup gateway
10 and have his claims heard on the merits, although he includes no facts or argument in support
11 thereof.  (ECF No. 1 at 13.)

12      The "actual innocence" exception applies to the AEDPA's statute of limitations.  See
13 McQuiggin v. Perkins, 133 S. Ct. 1924 (2013); Lee v. Lampert, 653 F.3d 929, 934 (9th Cir. 2011)
14 (en banc).  "[A] credible claim of actual innocence constitutes an equitable exception to
15 AEDPA's limitations period, and a petitioner who makes such a showing may pass through the
16 Schlup gateway and have his otherwise time-barred claims heard on the merits." Lee, 653 F.3d at
17 932.  Under Schlup v. Delo, 513 U.S. 298 (1995), a petitioner must produce sufficient proof of his
18 actual innocence to bring him "within the 'narrow class of cases . . . implicating a fundamental
19 miscarriage of justice.'"  513 U.S. at 314-15 (quoting McCleskey v. Zant, 499 U.S. 467 (1991)).
20 Evidence of innocence must be "so strong that a court cannot have confidence in the outcome of
21 the trial unless the court is also satisfied that the trial was free of nonharmless constitutional
22 error."  Schlup, 513 U.S. at 316.  To pass through the Schlup gateway, a "petitioner must show
23 that it is more likely than not that no reasonable juror would have convicted him in light of the
24 new evidence. . . ." Id. at 327.

25      Actual innocence in this context "means factual innocence, not mere legal insufficiency."
26 Bousley v. United States, 523 U.S. 614, 623-24 (1998); Jaramillo v. Stewart, 340 F.3d 877, 882-
27 83 (9th Cir. 2003) (accord).  To make a credible claim of actual innocence, petitioner must
28 produce "new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy

eyewitness accounts, or critical physical evidence -- that was not presented at trial." Schlup, 513 U.S. at 324.

Petitioner's reference to the Schlup gateway, absent supporting facts or argument, is insufficient to demonstrate it is appropriately applied here. Petitioner is not challenging his underlying conviction, and points to no new reliable evidence demonstrating that he is factually innocent of the underlying crimes for which he was convicted. Moreover, petitioner's claim that he did not receive a hearing when his May 9, 1990 parole date was rescinded was included in his 2010 federal petition. Jackson v. Swarthout, Case No. 2:10-cv-2341 LKK CKD (ECF No. 1 at 9, 16). The district court did not reach the merits of such claim because petitioner's 2010 federal petition was untimely-filed.[1]

Because petitioner raises claims previously brought in his 2010 federal petition, Case No. 2:10-cv-2341 LKK CKD, the instant petition is successive and must be dismissed. Before petitioner can proceed with the instant application, he must move in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3). Therefore, petitioner's application must be dismissed without prejudice to its re-filing upon obtaining authorization from the United States Court of Appeals for the Ninth Circuit.

V. Is the petition time-barred?

Because the instant action should be dismissed as successive, the court need not reach respondent's alternative argument that it should be dismissed as untimely.

////

////

---

[1] On September 30, 2011, the district court stated:

> The court notes the Petition or petitioner's Objections may seek to make the case that petitioner was exhausting his remedies after the 1990 denial of parole. However, the last date he could have been doing this - the last date mentioned in the Petition - is December 2006. Accordingly, the limitations period has long since expired, and the petition is time barred.

Id. (ECF No. 20 at 2.)

VI. Conclusion

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 13) be granted; and

2. This action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  September 3, 2015

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/jack0609.mtd.hc.succ