UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY CLIFFORD JACKSON, | No.  2:15-cv-0609 KJM KJN P |
| Petitioner, | |
| v. | ORDER |
| CALIFORNIA BOARD OF PAROLE HEARINGS, | |
| Respondent. | |

Petitioner is a state prisoner proceeding without counsel with an application for a writ of habeas corpus under 28 U.S.C. § 2254.  Petitioner's application was filed in this court on March 18, 2015.  ECF No. 1.  On March 24, 2015, the magistrate judge directed petitioner to either file an in forma pauperis application or pay the $5.00 filing fee required to file a habeas corpus petition in a federal district court.  ECF No. 4.  On April 9, 2015, petitioner paid the $5.00 filing fee.   On September 3, 2015, the magistrate judge recommended that this action be dismissed because the instant petition is successive to petitioner's claims raised in Case No. 2:10-cv-2341 LKK CKD.  (ECF No. 19.)  On February 5, 2016, the undersigned adopted the recommendation, granted respondent's motion to dismiss, and denied petitioner's motion for certificate of appealability.  (ECF No. 22.)  On March 7, 2016[1], petitioner filed a motion for a certificate of

---

[1] This is the date on which the motion was delivered to prison officials for mailing and is deemed the filing date.  *See Houston v. Lack*, 487 U.S. 266 (1988).

1 appealability addressed to the United States Court of Appeals for the Ninth Circuit.  ECF No. 24.

2 On March 31, 2016, that motion was processed as a notice of appeal to the Ninth Circuit.  ECF

3 No. 25.  On April 25, 2016, petitioner filed a motion to proceed in forma pauperis on appeal.

4 ECF No. 28.  Petitioner's appeal is still pending.  See USCA Case Number 16-15559.

5       An indigent party who cannot afford the expense of pursuing an appeal may file a motion

6 for leave to proceed in forma pauperis.  See Fed. R. App. P. 24(a); 28 U.S.C. § 1915(a)(1).

7 Pursuant to Federal Rule of Appellate Procedure 24(a), "a party to a district-court action who

8 desires to appeal in forma pauperis must file a motion in the district court."  The party must attach

9 an affidavit that (1) shows in detail "the party's inability to pay or give security for fees and

10 costs," (2) "claims an entitlement to redress," and (3) "states the issues that the party intends to

11 present on appeal."  Fed. R. App. P. 24(a)(1).

12       "However, even if a party provides proof of indigence, 'an appeal may not be taken in

13 forma pauperis if the trial court certifies in writing that it is not taken in good faith.'"  Morales v.

14 Tingey, 2013 WL 685208, *1 (N.D. Cal. Feb. 25, 2013) (quoting 28 U.S.C. § 1915(a)(3)).  Such

15 appeal is taken in "good faith" where it seeks review of any issue that is "nonfrivolous."  Hooker

16 v. American Airlines, 302 F.3d 1091, 1092 (9th Cir. 2002); see also Huffman v. Boersen, 406

17 U.S. 337, 339 (1972) ("In the federal system, 'good faith' has 'been defined as a requirement that

18 an appeal present a non-frivolous question for review.'") (quoting Cruz v. Hauck, 404 U.S. 59, 62

19 (1971) (Douglas, J., concurring)).  In turn, an issue is frivolous if it has "no arguable basis in fact

20 or law."  O'Loughlin v. Doe, 920 F.2d 614, 617 (9th Cir. 1990).

21       Review of petitioner's application to proceed in forma pauperis reflects that petitioner is

22 indigent.  The application itself does not contain an affidavit in which petitioner "claims an

23 entitlement to redress" and 'states the issues that the party intents to present on appeal."  Fed. R.

24 App. P. 24(a)(1).  However, review of petitioner's motion for a certificate of appealability shows

25 that petitioner intends to contend on appeal that this court erred in dismissing his habeas petition

26 on statute of limitations grounds and as a successive petition.  This court dismissed petitioner's

27 habeas petition without prejudice as a successive petition and expressly declined to reach the

28 statute of limitations issue.  See ECF Nos. 19, 22.  The petition to which the current petition is

1 successive was dismissed as time-barred. See ECF No. 19 at 4.  Petitioner's contention that the
2 instant petition was dismissed as barred by the statute of limitations is factually incorrect, and his
3 contention that the petition is not successive has no arguable basis in fact or law.  For these
4 reasons, this court will deny the motion to proceed in forma pauperis filed in this court.[2]

    Accordingly, IT IS HEREBY ORDERED that petitioner's motion to proceed in forma
pauperis (ECF No. 28) is denied without prejudice.

DATED:  August 23, 2016

_____
UNITED STATES DISTRICT JUDGE

---

[2] Court records show that a motion to proceed in forma pauperis on appeal was filed on April 27, 2016 in the Ninth Circuit.  See ECF No. 2, USCA Case Number 16-15559.  This court's order is without prejudice to any ruling by the Court of Appeals on the motion filed in that court.